William J. Regan, S.
This is an application by Annette W. Smallen, the surviving spouse of Benjamin Smallen, as income beneficiary of a trust created for her benefit under paragraph third of the last will and testament of Benjamin Smallen, requesting that the court permit and direct an invasion of the trust principal up to $3,000 per year in addition to the income earned on said principal.
The testator, Benjamin Smallen, by his last will and testament, in paragraph second thereof, gave to the petitioner the sum of $2,500, and provided a trust for her benefit under paragraph third, which is as follows:
"third: I give, devise and bequeath to my Trustees, hereinafter named, such part of my estate as shall be equal in value to the intestate share which my wife, Annette smallen, would have the right to elect to receive under Section 5-1.1 of *950 the Estates, Powers and Trusts Law of the State of New York, in trust, nevertheless, for the following uses and purposes:
"1. To invest and reinvest the same and to collect the income, rents and profits thereof and to pay the net income thereof to my said wife, Annette smallen, during her lifetime, in quarterly or other suitable installments.
"2. Upon the death of my wife, or upon my death, if she shall not survive me, the principal of the said trust fund shall become a part of my residuary estate and shall be administered and disposed of according to the terms thereof.
"The foregoing provisions in this Will in favor of my wife are in lieu of any claim which she may have against my estate as my surviving spouse.”
It should be noted that the testator in paragraph seventh of his Last Will and Testament created a trust of his residuary estate for the benefit of his two children and that the principal of the trust created under paragraph third, upon the death of the petitioner, becomes part of the residuary trust. The trust created for the benefit of the children provides and authorizes the trustees thereof to invade the principal of said trust, if necessary, to properly provide for the maintenance, education, welfare and comfort of his chidlren.
The petitioner herein bases her application under EPTL 7-1.6 (subd [b]) which authorizes the court having jurisdiction over an express trust created after September 1, 1966, in its discretion to make an allowance from the principal of said trust to any income beneficiary whose interest or education is not sufficiently provided for, irrespective of whether or not such person is entitled to the principal of the trust or any part thereof. It is interesting to note that under this subdivision the court can make the allowance even over the objection of one of the remaindermen, while under subdivision (a) an objection by a remainderman would prohibit the court to grant said application. The court, under subdivision (b), may make this allowance only after a hearing on notice to all those beneficially interested in the trust, and after it "is satisfied that the original purpose of the creator of the trust cannot be carried out and that such allowance effectuates the intention of the creator”.
A reasonable reading of the last will and testament of Benjamin Smallen indicates that the intent of the testator was to provide for the petitioner an amount equal to, and not greater than, her elective share, which she would have been *951 entitled to receive under EPTL 5-1.1. The testator was specific in this regard wherein he provided in paragraph third that the provisions in his will "in favor of my wife are in lieu of any claim which she may have against my estate as my surviving spouse”. The testator provided that the net income of the trust be paid to his spouse and made no provision for the invasion of said trust for her benefit. The testator was aware of the possibility of invasion by virtue of the fact that he authorized an invasion of his residuary trust for the benefit of his sons. It appears that the testator’s intention and purpose is clear that he intended his surviving spouse to receive the net income from the trust, and that the principal thereof upon her death become part of his residuary estate and be administered and disposed of according to the terms thereof.
The court is not satisfied that the granting of this petition effectuates the intention of the creator, and therefore denies the application. Even if the court had been satisfied that the intention of the creator would not be frustrated, the petitioner has not sustained economic justification for the necessity of such an allowance. The petitioner, by her bill of particulars, recites that she has total assets of approximately $44,000, generating a yearly income of approximately $3,900. This is in addition to her income from social security and from the trust created by Benjamin Smallen, the testator herein. Her total income approximates $11,000 per year, a sum which, in the opinion of this court, at this time, would preclude a finding of economic need.